# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0335 | **DATE** | 1/19/2012 |
| **CASE TITLE** | Mark Keeley Garski vs. 18th Judicial Circuit | | |

**DOCKET ENTRY TEXT**

The case is dismissed without prejudice.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On the court's own motion, the complaint is dismissed without prejudice. Insofar as the court can determine from plaintiff's complaint, plaintiff is complaining about the failure of the Circuit Court of DuPage County to rule on seven motions he filed in an action pending in that court (¶3D). Plaintiff also appears to be complaining that rulings of that court were unfair to him (¶3E) Further, plaintiff complains that defendant (the 18th Judicial Circuit Court) knowingly, intentionally and maliciously supported a judicial process "that was and is open to deception and malicious uses" and established "a false and pernicious public record of said Plaintiff . . ." It is not clear whether the state court about which plaintiff complains actually entered a judgment, although the exhibits attached to the complaint strongly suggest that a judgment against plaintiff awarding maintenance was granted.

The problems with plaintiff's complaint are manifold. First, the Eighteenth Judicial Circuit Court is not a suable entity. *See Harris v. Circuit Court of Cook County,* 1996 WL 145907 (N.D.Ill. 1996), at *1, *Newsome v. Circuit Court of Cook County,* 1989 WL 15960 (N.D. Ill. 1989), at *1, *Clay v. Friedman*, 541 F.Supp. 500, 505 (N.D. Ill. 1982).

Second, it is well-established that federal courts lack jurisdiction to review state court judgments. *See, e.g., Crestview Village Apartments v. HUD,* 383 F.3d 552, 555 (7th Cir. 2004). Where a federal plaintiff is complaining about an injury resulting from a state court judgment, or when the federal injury is "inextricably intertwined" with the state court judgment, the *Rooker-Feldman* doctrine bars the federal action. *Id.* Put another way, a federal district court has no jurisdiction to review a state court decision. *Id.*

While plaintiff's complaint does not make clear that the state court actually entered a judgment, the complaint asks this court to review the actions of the state court, to determine whether it ruled sufficiently promptly, to determine whether its rulings were fair and to assess whether its processes were constitutionally sufficient. Even if there was no judgment and if the *Rooker-Feldman* doctrine does not deprive this court of jurisdiction, this court is aware of no source of law that provides it with the power to review interlocutory rulings of a state court. Review of such rulings (or failures to rule) is the province of the state appellate

| STATEMENT |
|---|

courts, not of a federal trial court.

     Plaintiff may have a remedy by means of an appeal within the state court system. He may be able to seek a remedy, once his state appeals are exhausted, in the United States Supreme Court. He may be able to amend his pleading to make clear that he does have a viable cause of action, which is far from apparent at this point. What is clear is that there is no remedy in a lower federal court for the kind of review of decisions (and lack of decisions) by the 18th Judicial Circuit Court which plaintiff seems to be requesting.

     If plaintiff chooses to amend, he is reminded that Rule 8 requires a short, plain, statement of his claim showing that he is entitled to relief. A prolix catalogue of constitutional provisions fails utterly to comply with Rule 8 and is an independent reason for the dismissal of the complaint. If plaintiff is serious about attempting to plead a viable complaint, he is urged to seek the assistance of the Pro Se Help Desk on the 20th floor of this building.

     The case is dismissed without prejudice.